■ In the Matter of JASON BRIAN B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RACHEL B., Appellant, et al., Respondent. [824 NYS2d 329]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Queens County (Salinitro, J.), dated April 18, 2005, as, upon a fact-finding order of the same court dated October 7, 2003, made after a hearing, finding that she had neglected the subject child as a result of her mental illness and her history of aggressive behavior with the father of the subject child, placed the child in the custody of the Commissioner of Social Services of the City of New York until October 31, 2005. The appeal brings up for review the fact-finding order dated October 7, 2003.

Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York until October 31, 2005, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York until October 31, 2005, must be dismissed as academic, as the period of placement has already expired (*see Matter of Daqwuan G.*, 29 AD3d 694 [2006]; *Matter of Michelle L.*, 24 AD3d 443 [2005]). However, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in future proceedings. Therefore, the appeal from the portion of the order of disposition which brings up for review the finding of neglect is not

academic (*see Matter of Daqwuan G., supra; Matter of Michelle L., supra*).

Contrary to the mother's contention, the petitioner established a prima facie case of neglect with respect to the subject child (*see* Family Ct Act § 1012 [f] [i]). The evidence established that the mother had a history of ongoing psychiatric problems, including impulse control disorder, which induced depression, and a history, as well, of aggressive behavior with the father. Moreover, rather than being capable herself of caring for the child, she was forced to rely on the maternal grandmother for this care. The finding of neglect was supported by a preponderance of the evidence (*see Matter of Angel Marie L.*, 5 AD3d 773 [2004]; *Matter of Michelle H.*, 208 AD2d 726 [1994]).

The mother's remaining contentions are without merit. Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.