■ In the Matter of AALIYAH G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JONATHAN G., Appellant, et al., Respondent. [861 NYS2d 353]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), entered November 16, 2006, as, after fact-finding and dispositional hearings, found that he neglected the subject child and released the child to the custody of the mother under certain conditions and terms.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court's determination that he neglected the subject child by virtue of his use of marijuana while the child was in his care, and his placement of the child as a barricade between himself and a police officer, was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Gregory S.*, 39 AD3d 552 [2007]; *Matter of Ayana Jean L.*, 23 AD3d 472, 473 [2005]; *see also Matter of Jeremiah M.*, 290 AD2d 450 [2002]). Accordingly, there is no basis to disturb the Family Court's determination to release the child to the custody of the mother under certain conditions and terms. Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.