■ In the Matter of ADELIA V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ILONA BRAUN, Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DANIEL V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ILONA BRAUN, Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ROMAN V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ILONA BRAUN, Appellant, et al., Respondent. (Proceeding No. 3.) [937 NYS2d 78]—

In December 2008 the petitioner filed three petitions against the father alleging that he had abused and neglected Roman V., Daniel V., and Adelia V. The petitions arose from an incident

which occurred on December 18, 2008, at the parties' home, during which the father inflicted excessive corporal punishment upon Roman, then age 16, by punching him in the face and kicking his legs. The father also perpetrated acts of domestic violence against the mother. The two other children were present in the home at the time of the incident and witnessed it.

Thereafter, on December 29, 2008, the petitioner amended the petitions to include the mother as a respondent after the father advised the petitioner that he had observed the mother and Roman, who is her stepson, engaged in a sexual act, which triggered his hitting the mother and Roman. The petitioner amended the petitions to assert that the mother had abused Roman and derivatively neglected Adelia and Daniel. The amended petitions noted that there had been a prior finding that the mother had sexually abused Roman in August 2006, when he was 14 years old, and derivatively abused Adelia and Daniel. The mother had consented, without an admission, to this prior finding.

At the fact-finding hearing, the father testified that, upon arriving home from work and seeing Adelia and Daniel in the living room, he overheard Roman and the mother having a conversation in the kitchen regarding Roman moving out of the house when he turned 18, which would enable the mother to come visit him. Upon hearing the sound of kissing and clothes being removed, the father entered the kitchen and saw the mother and Roman engaged in a sexual act.

The father admitted pushing the mother forcefully, causing her cheek to hit the refrigerator. He claimed that he did not strike Roman, but, instead, only pushed him down the stairs into the basement. However, he acknowledged pleading guilty in a related criminal court proceeding to an assault of Roman. He also stated that he did not inform the petitioner about what really occurred at the house until after he was arrested.

According to testimony at the fact-finding hearing, the father beat the mother and Roman after overhearing the conversation between the two of them concerning Roman's plans to move out of the house because he could no longer tolerate the father. The mother testified that no sexual contact had occurred between her and Roman, either in December 2008 or previously in August 2006. She testified that she consented to the prior finding of sexual abuse so that she could return home to her children.

The assigned caseworker testified that Adelia and Daniel told him that they were home playing in the living room when they heard the father yelling and screaming and observed the father

hit and push the mother and hit Roman. Before this occurred, they had been running in and out of the kitchen and did not see anything untoward occur between the mother and Roman. The caseworker stated that Adelia told him that she saw Roman touch the mother but then admitted that this was false, she was only repeating what she heard her father say and she did not understand what was meant by the word "touch."

The caseworker also testified that the mother was loving and nurturing to her children and that all allegations of sexual contact between the mother and Roman were based solely on the father's statements.

The Family Court, crediting the father's testimony and relying on the previous finding of abuse against the mother, found, inter alia, that the mother abused Roman and derivatively neglected Adelia and Daniel. The mother appeals from that portion of the fact-finding order which made a finding against her.

A finding that a child is abused or neglected must be based on a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1, 3 [1985]; Matter of Alexander J.S. [David S.], 72 AD3d 829, 830 [2010]). Although deference is to be given to the hearing court's determinations concerning credibility (see Matter of Andrew B. [Deborah B.], 73 AD3d 1036, 1036 [2010]), where that court's credibility determination is not supported by the record, "this Court is free to make its own credibility assessments and overturn the determination of the hearing court" (Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 738 [2011]).

Here, the Family Court's findings are not supported by the record. The father's testimony, upon which the Family Court predominantly relied in reaching its determination of abuse and derivative neglect by the mother, was internally inconsistent at various points. Moreover, some of his testimony conflicted with certain evidence in the record, including evidence of injuries sustained by the mother. In addition, the assigned caseworker testified that the father had related three different versions of the relevant incident to him. Thus, on this record, the petitioner failed to establish by a preponderance of the evidence that the mother abused Roman. Accordingly, the Family Court improperly found that the mother abused Roman and derivatively neglected Adelia and Daniel. Dickerson, J.P., Hall, Austin and Miller, JJ., concur.