In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (McGowan, J.), dated April 24, 2013, which, after a hearing, found that she neglected the subject child, and (2) an order of disposition of the same court dated June 7, 2013, which, upon the fact-finding order, placed the child in the custody of the Commissioner of Social Services of the City of New York through the next permanency hearing.
Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York through the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services *867 of the City of New York through the next permanency hearing must be dismissed as academic, as that part of the order has already expired (see Matter of Arique D. [Elizabeth A.], 111 AD3d 625, 626 [2013]; Matter of Alexandria M. [Mattie M.], 108 AD3d 548, 548-549 [2013]; Matter of Jason Brian B., 33 AD3d 995, 995 [2006]). The appeal from the portion of that order which brings up for review the finding of neglect is not academic, however, because the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother’s status in future proceedings (see Matter of Eunice D. [James F.D.], 111 AD3d 627, 628 [2013]; Matter of Jason Brian B., 33 AD3d at 995-996).
The Family Court’s determination that the mother neglected the subject child is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Evan E. [Lasheen E.], 95 AD3d 1114, 1114-1115 [2012]; Matter of Paul J., 6 AD3d 709, 710 [2004]). Specifically, the evidence adduced at the fact-finding hearing established that the mother resided with the child in a home in which narcotics transactions were taking place, in which heroin was stored, and in which the child had easy access to marijuana. Accordingly, the Family Court properly concluded that the mother’s conduct posed an imminent danger to the child’s physical, mental, and emotional well-being (see Family Ct Act § 1012 [¶] [i]; Matter of Sarah A. [Daniel A.], 109 AD3d 467, 467-468 [2013]; Matter of Jared M. [Ernesto C.], 99 AD3d 474, 475 [2012]; Matter of Evan E. [Lasheen E.], 95 AD3d at 1114-1115).
The mother’s remaining contention is without merit. Mastro, J.E, Balkin, Sgroi and LaSalle, JJ., concur.