■ In the Matter of LINDA F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOSE F., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of KAI F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOSE F., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of SAMANTHA F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOSE F., Appellant, et al., Respondent. (Proceeding No. 3.) [989 NYS2d 864]——

In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals (1), as limited by his brief, from so much of an order of fact-finding of the Family Court, Kings County (Weinstein, J.), dated April 18, 2013, as, after a hearing, found that he sexually abused the child Linda F. and derivatively abused the children Kai F. and Samantha F., (2) from an order of disposition of the same court, also dated April 18, 2013, which, upon the order of fact-finding, and after a dispositional hearing, inter alia, placed the child Linda F. in the custody of the Commissioner of Social Services of the City of New York until completion of the next permanency hearing and placed him under the supervision of the New York City Administration for Children's Services for a period of 12 months, (3) from an order of protection of the same court, also dated April 18, 2013, which, inter alia, directed him to stay away from the child Linda F. until and including April 18, 2014, and (4) from an order of protection of the same court, also dated April 18, 2013, which, inter alia, directed him to refrain from assaulting, stalking, harassing, committing aggravated harassment against, menacing, recklessly endangering, strangling, criminally obstructing the breathing or circulation of, committing disorderly conduct against, committing criminal mischief against, sexually abusing, engaging in sexual misconduct against, forcibly touching, intimidating, making threats against, or committing any criminal offense against the children Kai F. and Samantha F. until and including April 18, 2014.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-

finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the child Linda F. in the custody of the Commissioner of Social Services of the City of New York until completion of the next permanency hearing and placed the father under the supervision of the New York City Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeals from the orders of protection are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The orders of protection expired by their own terms on April 18, 2014, and the determination of the appeals from these orders of protection would, under the facts of this case, have no direct effect upon the parties (see Matter of Adriel R. [David P.], 117 AD3d 744, 745 [2014]; Matter of Max F. [Emma F.-G.], 97 AD3d 816, 817 [2012]). Accordingly, the appeals from the orders of protection must be dismissed as academic.

The appeal from so much of the order of disposition as placed the child Linda F. in the custody of the Commissioner of Social Services of the City of New York until completion of the next permanency hearing and placed the father under the supervision of the New York City Administration for Children's Services for a period of 12 months must be dismissed as academic, as those portions of the order have already expired (see Matter of Joshua P. [David J.], 111 AD3d 836, 837 [2013]; Matter of Alexandria M. [Mattie M.], 108 AD3d 548, 548-549 [2013]; Matter of Jason Brian B., 33 AD3d 995, 995 [2006]). However, since an adjudication of abuse or neglect "constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings," the appeal from so much of the order of disposition as brings up for review the findings of abuse and derivative abuse, as set forth in the order of fact-finding dated April 18, 2013, has not been rendered academic (Matter of Joshua P. [David J.], 111 AD3d at 837 [internal quotation marks omitted]; see Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027 [2011]).

The Family Court's finding that the father abused his adopted daughter Linda F. by sexually abusing her was supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Penal Law §§ 130.25 [2]; 130.60 [2]; 130.80 [1]

[b]; *Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1176 [2010]). In light of the conflicting testimony presented at the fact-finding hearing, the factual findings of the Family Court turned on its assessment of witnesses' credibility, which is entitled to great weight (*see Matter of Joshua P. [David J.]*, 111 AD3d at 837; *Matter of Lauryn H. [William A.]*, 73 AD3d at 1176). There is no basis in the record to disturb the Family Court's assessment of the witnesses' credibility.

The father's abuse of Linda F. supported the Family Court's finding that he derivatively abused the other subject children, as the conduct "established a fundamental defect in the father's understanding of his parental duties relating to the care of children and demonstrated that his impulse control was so defective as to create a substantial risk of harm to any child in his care" (*Matter of Angelica M. [Nugene A.]*, 107 AD3d 803, 804-805 [2013]; *see Matter of Leah R. [Miguel R.]*, 104 AD3d 774, 774 [2013]; *Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]). Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.