■ In the Matter of MELODY H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DWAYNE H., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of MAKEYA H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DWAYNE H., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of MAHOGANY H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DWAYNE H., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of ISHMYLE R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DWAYNE H., Appellant, et al., Respondent. (Proceeding No. 4.) [993 NYS2d 340]—

In four related child protective proceedings pursuant to Family Court Act article 10, the father appeals (1), as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Weinstein, J.), dated January 9, 2013, as, after a hearing, found that he abused Mahogany H., and, in effect, derivatively abused Ishmyle R., Melody H., and Makeya H., and placed the children in the custody of the mother, with 12 months of supervision by a child protective agency, social services official, or duly authorized agency, and (2) from an order of protection of the same court, also dated January 9, 2013, which, inter alia, directed him to stay away from the children Ishmyle R., Mahogany H., Makeya H., and Melody H. until and including January 9, 2014.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the children in the custody of the mother, with 12 months of supervision by a child protective agency, social services official, or duly authorized agency, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the order of protection is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition as placed the children in the custody of the mother,

with 12 months of supervision by a child protective agency, social services official, or duly authorized agency, must be dismissed as academic, as the terms of that part of the order have already expired (*see Matter of Jason Brian B.*, 33 AD3d 995, 995 [2006]). The appeal from so much of the order as found that the father (hereinafter the appellant) abused the subject children is not academic, however, because that finding constitutes a permanent and significant stigma and might indirectly affect the appellant's status in future proceedings (*see id.* at 995-996).

The order of protection expired by its own terms on January 9, 2014, and the determination of the appeal from this order of protection would, under the facts of this case, have no direct effect upon the parties (*see Matter of Linda F. [Jose F.]*, 119 AD3d 944 [2014]). Accordingly, the appeal from the order of protection must be dismissed as academic.

Contrary to the appellant's contention, the Family Court's determination that he sexually abused the child Mahogany H. is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [e] [i]; 1046 [b] [i]). The evidence adduced at the fact-finding hearing established that in 2011, the then 10-year-old Mahogany H. made consistent, detailed, and explicit out-of-court statements to a child protective agency caseworker, a detective, and her mother, describing incidents of sexual abuse by the appellant when she was nine years old. These out-of-court allegations were corroborated by, among other evidence, the proof that the appellant previously sexually abused another of his children several years earlier (*see* Family Ct Act § 1046 [a] [i], [vi]; *Matter of Leah R. [Miguel R.]*, 104 AD3d 774, 774 [2013]; *Matter of Kylani R. [Kyreem B.]*, 93 AD3d 556, 557 [2012]; *Matter of Tristan R.*, 63 AD3d 1075, 1076-1077 [2009]; *Matter of Astrid C.*, 43 AD3d 819, 821 [2007]; *Matter of Beverly R.*, 38 AD3d 668, 670 [2007]; *see generally Matter of Christina F.*, 74 NY2d 532, 535-537 [1989]).

Mahogany H.'s recantations created a credibility issue for the Family Court, and, on this record, we conclude that the Family Court did not err in rejecting the recantations, especially in light of the evidence suggesting that Mahogany H. recanted in order to keep peace in the family (*see Matter of Tristan R.*, 63 AD3d at 1077; *Matter of Caitlyn U.*, 46 AD3d 1144, 1146-1147 [2007]; *Matter of Kayla N.*, 41 AD3d 920, 922-923 [2007]).

The evidence of the appellant's abuse of Mahogany H. supported the Family Court's finding of, in effect, derivative abuse of the other subject children. The appellant's abuse of Mahogany H. "established a fundamental defect in [the appellant]'s

understanding of his parental duties relating to the care of children and demonstrated that his impulse control was so defective as to create a substantial risk of harm to any child in his care" (*Matter of Angelica M. [Nugene A.]*, 107 AD3d 803, 804-805 [2013]).

The appellant's remaining contention as to the fact-finding hearing is not properly before this Court. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.