■ In the Matter of Kyra S. Administration for Children's Services, Respondent; Kirtan D.S., Appellant. (Proceeding No. 1.) In the Matter of Joshua S. Administration for Children's Services, Respondent; Kirtan D.S., Appellant. (Proceeding No. 2.) In the Matter of Ja'dore S. Administration for Children's Services, Respondent; Kirtan D.S., Appellant. (Proceeding No. 3.) In the Matter of Jaaia S. Administration for Children's Services, Respondent; Kirtan D.S., Appellant. (Proceeding No. 4.) [9 NYS3d 609]—Appeals from (1) an order of fact-finding of the Family Court, Kings County (Alan Beckoff, J.), dated April 19, 2013, and (2) an order of disposition of that court dated November 25, 2013. The order of fact-finding, after a hearing, found that the father sexually abused the subject children. The order of disposition, after a hearing, inter alia, released the children to the custody of the mother with supervision by the Administration for Children's Services for a period of 12 months.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-

finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as released the subject children to the custody of the mother with supervision by the Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as released the children to the custody of the mother with supervision by the Administration for Children's Services for a period of 12 months must be dismissed as academic, as that portion of the order has already expired (*see Matter of Linda F. [Jose F.]*, 119 AD3d 944, 945 [2014]; *Matter of Joshua P. [David J.]*, 111 AD3d 836, 837 [2013]). However, since an adjudication of abuse or neglect "constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings," the appeal from so much of the order of disposition as brings up for review the finding of abuse, as set forth in the order of fact-finding dated April 19, 2013, has not been rendered academic (*Matter of Joshua P. [David J.]*, 111 AD3d at 837 [internal quotation marks omitted]; *see Matter of Linda F. [Jose F.]*, 119 AD3d at 945).

"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (*Matter of Amber C. [Miguel C.]*, 104 AD3d 845, 846 [2013]; *see* Family Ct Act § 1046 [b] [i]; *Matter of Adelia V. [Braun]*, 91 AD3d 659, 661 [2012]). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313 [2012]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647 [2011]). Here, contrary to the father's contention, the evidence adduced at the fact-finding hearing was sufficient to prove, by a preponderance of the evidence, that he sexually abused the subject children (*see* Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Penal Law § 130.60; *Matter of Laura C. [Eduardo C.]*, 108 AD3d 666 [2013]; *Matter of Karen Patricia G.*, 44 AD3d 658, 660 [2007]; *Matter of Latifah C.*, 34 AD3d 798, 799 [2006]).

The father's remaining contentions are either unpreserved for appellate review or without merit. Eng, P.J., Hall, Cohen and Barros, JJ., concur.