■ In the Matter of Laila S.W. Suffolk County Department of Social Services, Respondent; Loren S., Appellant. [40 NYS3d 187]—

Appeals by the father from (1) an order of fact-finding and disposition of the Family Court, Suffolk County (Richard Hoffmann, J.), dated August 11, 2015, and (2) an order of protection of that court dated August 11, 2015. The order of fact-finding and disposition, insofar as appealed from, after a hearing, found that the father neglected the subject child. The order of protection directed the father, inter alia, to refrain from certain conduct with respect to the subject child up to and including August 11, 2016.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

In May 2015, the petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the father neglected the subject child. After a fact-finding hearing, the Family Court determined that the father neglected the subject child and entered an order of protection on her behalf. The father appeals.

Although the order of protection expired by its own terms on August 11, 2016, the appeal from the order of protection has not been rendered academic "given the totality of the enduring legal and reputational consequences" of the order of protection (*Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 673 [2015]).

The father's argument on appeal is limited to a challenge to the finding of neglect. "At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (*Matter of Kyra S. [Kirtan D.S.]*, 128 AD3d 970, 971 [2015] [internal quotation marks omitted]; *see Matter of Ena S.Y. [Martha R.Y.—Antonio S.]*, 140 AD3d 778, 780 [2016]). In making such a determination, "[t]he Family Court's assessment of the credibility of witnesses is entitled to considerable deference" (*Matter of Mohammed J. [Mohammed Z.]*, 121 AD3d 994, 994 [2014]; *see Matter of Joseph O.*, 28 AD3d 562, 563 [2006]). Based upon our review of the record, including the strong negative inference which the Family Court was entitled to draw against the father upon his failure to testify at the fact-finding hearing (*see Matter of Jackson F. [Gabriel F]*, 121 AD3d 1114, 1115 [2014]; *Matter of Alanah M. [Donnie M.]*, 96 AD3d 757, 758 [2012]), the Family Court's determination that the father neglected the subject child is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Liarah H. [Dora S.]*, 111 AD3d 514, 515 [2013]; *Matter of Aaliyah G.*, 51 AD3d 918, 918 [2008]; *cf. Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685, 687 [2014]). Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.