■ In the Matter of Mia C.W.D. Administration for Children's Services, Respondent; Tamika D., Appellant. (Proceeding No. 1.) In the Matter of Emmanuel W. Administration for Children's Services, Respondent; Tamika D., Appellant. (Proceeding No. 2.) [42 NYS3d 233]—

Appeals by the mother from (1) an order of fact-finding of the Family Court, Kings County (Lillian Wan, J.), dated May 13, 2015, and (2) an order of disposition of that court dated August 14, 2015. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject children. The order of disposition, upon the fact-finding order and after a disposi-

tional hearing, placed the subject children in the custody of the Administration for Children's Services until the completion of the next permanency hearing.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the subject children in the custody of the Administration for Children's Services through the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected her children by failing to provide them with proper supervision or guardianship due to her own mental illness. After fact-finding and dispositional hearings, the Family Court determined that the mother had neglected the subject children and placed them in the custody of the Administration for Children's Services until the completion of the next permanency hearing.

The appeal from so much of the order of disposition as placed the subject children in the custody of the Administration for Children's Services through the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired (*see Matter of Jason Brian B.*, 33 AD3d 995 [2006]). However, the appeal from so much of the order of disposition as brings up for review the finding that the mother neglected the subject children is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (*see Matter of Z'naya D.J. [Vanessa J.]*, 141 AD3d 651, 651-652 [2016]).

Contrary to the mother's contention, the petitioner established a prima facie case of neglect with respect to the subject children (*see* Family Ct Act § 1012 [f] [i]). The evidence established that the mother had a history of ongoing psychiatric problems and mental illness, including paranoid schizophrenia. The finding of neglect was supported by a preponderance of the evidence, which demonstrated that the children were at imminent risk of harm as a result of the mother's mental illness (*see Matter of Jason Brian B.*, 33 AD3d 995 [2006]; *Matter of Angel Marie L.*, 5 AD3d 773 [2004]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.