■ In the Matter of ISABELLA D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID D., Appellant. (Proceeding No. 1.) In the Matter of MELISSA D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID D., Appellant. (Proceeding No. 2.) In the Matter of REBECCA D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID D., Appellant. (Proceeding No. 3.) [44 NYS3d 187]—

Appeal by the father from an order of fact-finding and disposition of the Family Court, Kings County (Daniel Turbow, J.), dated March 25, 2014. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject children.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject children by subjecting the mother to domestic violence in their presence, and that the father further neglected the child Melissa D. by subjecting her to excessive corporal punishment and thereby derivatively neglected the children Isabella D. and Rebecca D. After a fact-finding hearing, the Family Court, inter alia, found that the petitioner established that the father neglected the children by a preponderance of the evidence, and the father appeals.

Contrary to the father's contention, the determination that he neglected the subject children was supported by a preponderance of the evidence (*see Matter of Sheneika V.*, 20 AD3d 541, 542 [2005]; *Matter of Salvatore C.*, 6 AD3d 431, 432 [2004]). Where, as here, issues of credibility are presented, the hearing court's findings must be accorded deference (*see Matter of Laila S.W. [Loren S.]*, 144 AD3d 694 [2d Dept 2016]; *Matter of Hayden C. [Tafari C.]*, 130 AD3d 924, 926 [2015]). The credible evidence adduced at the fact-finding hearing established that the father committed acts of domestic violence against the mother in the children's presence, thereby impairing, or creating an imminent danger of impairing, their physical, emotional, and mental conditions (*see Matter of Briana F. [Oswaldo F.]*, 69 AD3d 718 [2010]). This established the father's neglect by a preponderance of the evidence (*see id.*).

Furthermore, the Family Court's determination that the child Melissa D. was also a neglected child based upon excessive corporal punishment against her was supported by a preponderance of the evidence. A "neglected child," as is relevant here, is defined in the Family Court Act as a child "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). The

petitioner established, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that the father's conduct, which included hitting Melissa D. with a belt and belt buckle, impaired her mental or emotional well-being, or placed her in imminent danger of such impairment (*see* Family Ct Act § 1012 [f]; *Nicholson v Scoppetta*, 3 NY3d 357 [2004]; *Matter of Kevin M.H. [Kenneth H.]*, 76 AD3d 1015 [2010]). Accordingly, the Family Court properly found that the father neglected Melissa D.

Further, the father's neglect of Melissa D. evinced a flawed understanding of his duties as a parent and impaired parental judgment sufficient to support the Family Court's finding of derivative neglect of the children Isabella D. and Rebecca D. (*see Matter of Lauryn H. [William A.]*, 73 AD3d 1175 [2010]; *Matter of Grant W. [Raphael A.]*, 67 AD3d 922 [2009]). Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.