Matter of Maurice M. (Suzanne H.) (2018 NY Slip Op 01061)





Matter of Maurice M. (Suzanne H.)


2018 NY Slip Op 01061


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-09246
2016-09249
 (Docket No. N-17810-07)

[*1]In the Matter of Maurice M. (Anonymous). Administration for Children's Services, respondent; Suzanne H. (Anonymous), appellant.


Elliot Green, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Elina Druker of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Diane Pazar of counsel), attorney for the child.



DECISION & ORDER
Appeals from (1) an order of fact-finding of the Family Court, Kings County (Amanda E. White, J.), dated July 26, 2012, and (2) an order of disposition of that court (Alan Beckoff, J.) dated May 21, 2015. The order of fact-finding, after a hearing, found that the mother neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, released the subject child, upon consent, to the custody of the nonrespondent father.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the subject child, upon consent, to the custody of the nonrespondent father is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this neglect proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child by failing to provide him with proper supervision or guardianship due to her own mental illness. After a fact-finding hearing, the Family Court found that the child was neglected. At the subsequent dispositional hearing, the court, inter alia, released the child, upon consent, to the custody of the nonrespondent father. The mother appeals.
The appeal from so much of the order of disposition as released the child, upon consent, to the custody of the nonrespondent father must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Eunice D. [James F.D.], 111 AD3d 627, 628; Matter of Brian R., 48 AD3d 576, 577). However, the appeal from the order of [*2]disposition insofar as it brings up for review the finding of neglect in the fact-finding order is properly before us, as the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in future proceedings (see Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773; Matter of Eunice D. [James F.D.], 111 AD3d at 628; Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027).
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1012[f][i]). Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child (see Matter of Michael M. [Seida S.], 149 AD3d 938, 938; Matter of Mia C.W.D. [Tamika D.], 144 AD3d 1028, 1029; Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1280). The Family Court's assessment of credibility of the witnesses is entitled to considerable deference unless clearly unsupported by the record (see Matter of Isabella D. [David D.], 145 AD3d 1003, 1004; Matter of Ariel R. [Danielle K.], 118 AD3d 1010, 1010). Here, the Family Court properly determined that the petitioner established, by a preponderance of the evidence, that the mother suffered from a mental illness, which, in conjunction with her failure to comply with her treatment plan, resulted in irrational behavior that created an imminent danger of impairing the child's physical, mental, or emotional condition (see Family Ct Act § 1012[f][i][B]; Matter of Michael M. [Seida S.], 149 AD3d at 938-939; Matter of Mia C.W.D. [Tamika D.], 144 AD3d at 1029). Accordingly, the court correctly determined that the mother neglected the child.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court