Matter of Joseph L. (Cyanne W.) (2019 NY Slip Op 00597)





Matter of Joseph L. (Cyanne W.)


2019 NY Slip Op 00597


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-09426
2017-09427
 (Docket No. N-17100-16)

[*1]In the Matter of Joseph L. (Anonymous). Suffolk County Department of Social Services, respondent; Cyanne W. (Anonymous), appellant.


Glenn Gucciardo, Northport, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for respondent.
Judd & Moss, P.C., Ronkonkoma, NY (Francine H. Moss of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Suffolk County (Caren Loguercio, J.), dated June 13, 2017, and (2) an order of fact-finding and disposition of the same court dated July 19, 2017. The orders, insofar as appealed from, made after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the appeal from the order dated June 13, 2017, is dismissed, without costs or disbursements, as it was superseded by the order of fact-finding and disposition dated July 19, 2017; and it is further,
ORDERED that the order of fact-finding and disposition dated July 19, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The Suffolk County Department of Social Services (hereinafter the DSS) commenced this neglect proceeding pursuant to Family Court Act article 10 in October 2016. The DSS alleged that the mother neglected the child in that the mother had "untreated mental health issues" that negatively affected her ability to care for the child. After a hearing, the Family Court issued an order pursuant to Family Court Act § 1012 in which it found that the mother had neglected the child, as the mother's "protracted history of severe psychosis" placed the child "in imminent danger of impairment." In a separate order of fact-finding and disposition, the court found that the DSS established by a preponderance of the evidence that the mother neglected the child, and the court placed the mother under the supervision of the DSS. The court also continued the child's placement with the child's maternal grandparents. The mother appeals from both orders.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been abused or [*2]neglected by "a preponderance of evidence" (Family Ct Act §§ 1012[f][i]; 1046[b][i]). "Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690-691; see Matter of Nialani T. [Elizabeth B.], 125 AD3d 672, 674). Indeed, even when a child has not been actually impaired, a finding of neglect is appropriate to prevent imminent impairment, which is "an independent and separate ground on which a neglect finding may be based" (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79; see Family Ct Act § 1012[f][i]). In such cases, the "court is not required to wait until a child has already been harmed before it enters a finding of neglect" (Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279). The Family Court's assessment of credibility of the witnesses is entitled to considerable deference unless clearly unsupported by the record (see Matter of Maurice M. [Suzanne H.], 158 AD3d at 691; Matter of Isabella D. [David D.], 145 AD3d 1003, 1004).
Here, we agree with the Family Court's determination that the DSS established, by a preponderance of the evidence received at the fact-finding hearing, that there existed a causal connection between the mother's largely untreated mental illness and the risk of potential and imminent harm to the subject child. The court found that the mother, during her testimony, had a "colorless speech pattern," a "vacant expression," and exhibited a quickness to blame the staff of the group home, fellow residents, and medical professionals for her predicament. We agree with the court's determination that the mother lacked insight as to her largely untreated mental illness which "created an imminent danger of impairing the child's physical, mental, or emotional condition" (Matter of Maurice M. [Suzanne H.], 158 AD3d at 691). Accordingly, we agree with the court's determination that the mother neglected the child.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court