Matter of Adebayo J. (Eniola J.) (2019 NY Slip Op 07782)





Matter of Adebayo J. (Eniola J.)


2019 NY Slip Op 07782


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-10230 
2018-10231
 (Docket Nos. N-24829-16, N-24830-16, N-24831-16)

[*1]In the Matter of Adebayo J. (Anonymous). Administration for Children's Services, petitioner-respondent; Eniola J. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Adesola J. (Anonymous). Administration for Children's Services, petitioner-respondent; Eniola J. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Oluwaferanmi J. (Anonymous). Administration for Children's Services, petitioner-respondent; Eniola J. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)


Daniel E. Lubetsky, Jamaica, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Carolyn Walther of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Mildred T. Negron, J. ), dated March 27, 2018, and (2) an order of disposition of the same court (Joan L. Piccirillo, J.), dated July 30, 2018. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother abused the child Adebayo J. and derivatively abused the children Adesola J. and Oluwaferanmi J. The order of disposition, insofar as appealed from, after a dispositional hearing, placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directed the mother to comply with the reasonable referrals and supervision of the Administration for Children's Services.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs [*2]or disbursements, as the portions of the order of fact-finding appealed from were superseded by the order of disposition and are brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Following a fact-finding hearing, the Family Court found, inter alia, by a preponderance of the evidence, that the mother abused the child Adebayo J. and derivatively abused the children Adesola J. and Oluwaferanmi J. The mother appeals.
The appeal from so much of the order of disposition as placed the children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing has been rendered academic, as it has expired by its own terms (see Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601; Matter of Tarelle J. [Walter J.], 152 AD3d 593, 594). However, since an adjudication of abuse or neglect constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the findings of abuse and derivative abuse, as set forth in the order of fact-finding, has not been rendered academic (see Matter of Linda F. [Jose F.], 119 AD3d 944, 945).
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Brianna M. [Corbert G.], 152 AD3d at 601; see Matter of David B. [Stacy T.], 171 AD3d 1041, 1042; Matter of Antonio T. [Franklin T.], 169 AD3d 699, 700; Matter of Elisa V. [Hung V.], 159 AD3d 827, 828; Matter of Tarelle J. [Walter J.], 152 AD3d at 594). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Ogius A.-D.], 167 AD3d 867, 868; see Matter of Antonio T. [Franklin T.], 169 AD3d at 700; Matter of Brianna M. [Corbert G.], 152 AD3d at 601).
Here, the petitioner demonstrated by a preponderance of the evidence that the mother abused Adebayo J., as Adebayo J's out-of-court statements were corroborated by the out-of-court statements of Adesola J., as well as Adebayo J.'s medical records (see Matter of David B. [Stacy T.], 171 AD3d at 1042; Matter of Brianna M. [Corbert G.], 152 AD3d at 602; Matter of Tarelle J. [Walter J.], 152 AD3d at 594). Furthermore, the Family Court's credibility determinations are supported by the record and will not be disturbed on appeal.
Moreover, a derivative finding of abuse as to Adesola J. and Oluwaferanmi J. was warranted, as the evidence demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in the mother's care (see Matter of Antonio T. [Franklin T.], 169 AD3d at 700; Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773-774).
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court