Matter of Princess A. E. (Shaleyah E.) (2021 NY Slip Op 02293)





Matter of Princess A. E. (Shaleyah E.)


2021 NY Slip Op 02293


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2020-01445
 (Docket Nos. N-18971-18, N-12591-19)

[*1]In the Matter of Princess A. E. (Anonymous). Administration for Children's Services, respondent; Shaleyah E. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Keyaan E. (Anonymous). Administration for Children's Services, respondent; Shaleyah E. (Anonymous), appellant. (Proceeding No. 2.)


Catherine S. Bridge, Staten Island, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (MacKenzie Fillow and Jessica Miller of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated January 21, 2020. The order, after a hearing, inter alia, granted the petitioner's motion to modify an order of the same court dated December 4, 2019, so as to limit the mother's parental access with the elder child to supervised parental access, and to modify a separate order of fact-finding and disposition of the same court dated October 17, 2019, so as to place the younger child in the custody of the petitioner.
ORDERED that the order dated January 21, 2020, is affirmed, without costs or disbursements.
Following a finding of neglect as to the elder child, who had earlier been removed from the mother's custody and placed in foster care, the mother was awarded unsupervised overnight parental access with that child, twice weekly. Following a separate finding of derivative neglect as to the younger child, the mother was awarded custody of the younger child, under the supervision of the petitioner, Administration for Children's Services (hereinafter ACS). Thereafter, ACS moved to suspend the mother's unsupervised parental access with the elder child, and sought removal of the younger child from her custody. The Family Court, after a hearing, granted the motion, and limited the mother's contact with the elder child to supervised parental access. The mother appeals.
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." This statute "'expresses the strong Legislative policy in favor of continuing Family Court jurisdiction [*2]over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Yosepha K. [Chana D.], 165 AD3d 932, 933, quoting Matter of Angelina AA., 222 AD2d 967, 968-969; see Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677). "'As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Yosepha K. [Chana D.], 165 AD3d at 933, quoting Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223, 1224; see Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850).
Here, the Family Court did not improvidently exercise its discretion in granting ACS's motion. The evidence at the hearing established that the mother frequently disregarded directives and rules imposed by ACS; disregarded the rules of the foster care agency by, inter alia, returning the elder child to her foster parents sometimes hours after her scheduled return; and had a history of obstreperous behavior at the homeless shelter where she resided with the younger child and violating shelter rules, resulting in her discharge from that facility (see Matter of Yosepha K [Chana D.], 165 AD3d at 933).
The modifications imposed by the Family Court were further supported by evidence of the mother's marijuana use in the younger child's presence (see Matter of Cody W. [Ronald L.], 148 AD3d 914, 916; Matter of Aaliyah G., 51 AD3d 918), as well as the mother's failure to complete all of the service referrals made to the mother by the supervising agencies, and failure to gain insight from those that she did complete (see Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079; Matter of Innocence A.M.-F. [Khadijah N.M.-F.], 173 AD3d 869, 870).
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court