Matter of Madeleine B. (Peter B.) (2021 NY Slip Op 05332)





Matter of Madeleine B. (Peter B.)


2021 NY Slip Op 05332


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2020-07144 
2020-07145
 (Docket Nos. N-1151-18, N-1152-18)

[*1]In the Matter of Madeleine B. (Anonymous). Administration for Children's Services, petitioner-respondent; Peter B. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Christian B. (Anonymous). Administration for Children's Services, petitioner-respondent; Peter B. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)


Spodek Law Group, P.C., New York, NY (Mary Lou Chatterton of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Jeremy W. Shweder and Julia Bedell of counsel; Maegan Gorman on the brief), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Richmond County (Gregory L. Gliedman, J.), dated July 31, 2019, and (2) an order of disposition of the same court dated August 29, 2019. The order of fact-finding, after a fact-finding hearing, found that the father neglected the child Madeleine B. and derivatively neglected the child Christian B. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, released the children to the custody of the mother with supervision by the petitioner for a period of 12 months and directed the father to cooperate with the petitioner's supervision during that period.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the children to the custody of the mother with supervision by the petitioner for a period of 12 months and directed the father to cooperate with the petitioner's supervision during that period is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as released the subject children to the custody of the mother with supervision by the petitioner for a period of 12 months and directed the father to cooperate with the petitioner's supervision during that period must be dismissed as academic, as the period of supervision has expired (see Matter of Kyanna T. [Winston R.], 99 AD3d 1011, 1013). The findings of neglect and derivative neglect, however, constitute a permanent and significant stigma which might indirectly affect the father's status in future proceedings. Therefore, the appeal from the portion of the order of disposition that brings up for review the findings of neglect and derivative neglect is not academic (see id. at 1013).
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother and the father neglected the subject children, Madeleine B. and Christian B. At the fact-finding hearing, evidence was adduced demonstrating that on January 21, 2018, the father, while in an intoxicated state, perpetrated acts of domestic violence against the mother while the children were present in the home and Madeleine witnessed the father choking the mother. Madeleine was crying and urinated on herself. Evidence was also adduced at the hearing that the father was intoxicated during an earlier incident of domestic violence involving the mother. After the hearing, the Family Court found that the father neglected Madeleine and derivatively neglected Christian.
"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (Matter of Kenya R. [Edmindo R.], 129 AD3d 978, 979 [internal quotation marks omitted]; see Family Ct Act § 1046[b][i]). In making a finding of neglect, "[t]he Family Court's assessment of the credibility of witnesses is entitled to considerable deference" (Matter of Laila S. W. [Loren S.], 144 AD3d 694, 695 [internal quotation marks omitted]). There is no basis in the record here to disturb the Family Court's determination of the factual issues.
Family Court Act § 1046(a)(iii) provides that an agency establishes a prima facie case of neglect where it presents "proof that a person repeatedly misuses . . . alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of . . . intoxication." In cases where this presumption is triggered, the agency is not required to establish that the child suffered actual harm or was at imminent risk of harm (see Matter of Nasiim W. [Keala M.], 88 AD3d 452, 453; Matter of Arthur S. [Rose S.], 68 AD3d 1123, 1124). Further, "[e]ven a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945). Accordingly, the father's neglect of Madeleine was established.
To determine whether derivative neglect is present, the evidence of abuse or neglect of one child must indicate a fundamental defect in the parent's understanding of the duties of parenthood (see Matter of Jelani B., 54 AD3d 1032, 1033). Here, a derivative finding of neglect as to Christian was warranted since the father committed acts of domestic violence while Christian was in the home (see Matter of Monica C.M. [Arnold A.], 107 AD3d 996, 997), thereby evincing a flawed understanding of his duties as a parent (see Matter of Harmonee B. [Roy B.], 161 AD3d 852).
The father's remaining contentions are without merit.
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court