■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY LYNAH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered April 3, 1990, convicting him of criminal sale of a

controlled substance in the third degree, criminal facilitation in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the conviction for criminal facilitation in the fourth degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

During a so-called "buy and bust" drug operation on a Queens street, the defendant sold one vial of crack cocaine to an undercover police officer. The testimony adduced at trial indicated that this sale occurred after another individual who had sold crack cocaine to the officer informed the defendant that the officer wished to purchase an additional vial.

We agree with the defendant's contention that the crime of criminal facilitation in the fourth degree was not established beyond a reasonable doubt by legally sufficient evidence. While the sale of drugs by the defendant may have resulted from the information he received from his companion, there is no evidence that this sale was performed in order to provide another person with the means or opportunity to commit a subsequent felony (see, Penal Law § 115.00 [1]; *People v Johnson,* 66 NY2d 398; *People v Gordon,* 32 NY2d 62; *People v Llanos,* 151 AD2d 128, *affd* 77 NY2d 866). In view of this disposition, we need not consider the defendant's challenge to the trial court's charge with respect to this count.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.