In the Matter of MARVIN DENDY, Respondent, v ANETTE BONELLI, Appellant. (Proceeding No. 1.) In the Matter of ZINA MELENDEZ-DENDY, Respondent, v ANETTE BONELLI, Appellant. (Proceeding No. 2.) In the Matter of ANETTE BONELLI, Appellant, v MARVIN DENDY, Respondent. (Proceeding No. 3.) In the Matter of ANETTE BONELLI, Appellant, v ZINA MELENDEZ-DENDY, Respondent. (Proceeding No. 4.) [687 NYS2d 269] —In four proceedings pursuant to Family Court Act article 8, Anette Bonelli appeals from (1) two orders of the Family Court, Nassau County (Balkin, J.), both dated December 16, 1997, which, after a hearing, granted the petitions of Marvin Dendy and Zina Melendez-Dendy for orders of protection against her, (2) two orders of the same court, both entered January 13, 1998, which, after a hearing, denied her petitions for orders of protection against Marvin Dendy and Zina Melendez-Dendy, and (3) an order of the same court, dated April 14, 1998, which denied her motion, in effect, for renewal.

Ordered that the orders are affirmed, without costs or disbursements.

Although the orders of protection against the appellant have expired, in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense, the appeal is not academic (*see, Matter of Tibichrani v Debs*, 230 AD2d 746; *Matter of Bart v Bart*, 219 AD2d 710). However, we find no basis to disturb the Family Court's determinations. The question of whether it was the appellant or Marvin Dendy and Zina Melendez-Dendy who committed the acts of harassment was a disputed factual issue for the court to resolve (*see, Matter of Campbell v Desir*, 251 AD2d 402; *Matter of Platsky v Platsky*, 237 AD2d 610, 611). As the trier of fact, the Family Court's determination regarding the credibility of witnesses is entitled to great weight (*see, Matter of F.B. v W.B.*, 248 AD2d 119; *Matter of Cutrone v Cutrone*, 225 AD2d 767). Its determination in that regard is not against the weight of the credible evidence. Therefore, we decline to disturb the court's decision to grant the petitions for orders of protection in favor of Marvin Dendy and Zina Melendez-Dendy and to deny the cross petitions of the appellant.

Furthermore the Family Court did not improvidently

exercise its discretion in denying the appellant's motion, in effect, for renewal on the ground of newly-discovered evidence since the evidence in question was available at the original hearings and merely related to the credibility of the parties (*see,* CPLR 5015 [a] [2]; *Matter of Jenna R.,* 207 AD2d 403, 404).

The appellant's remaining contentions are without merit. O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur.