In the Matter of SITARA SALEEM, Appellant, v WAQAR AHMED CHAUDHRY, Respondent. (Proceeding No. 1.) In the Matter of WAQAR AHMED CHAUDHRY, Respondent, v SITARA SALEEM, Appellant. (Proceeding No. 2.) [973 NYS2d 246]—

In related family offense proceedings pursuant to Family Court Act article 8, the mother appeals from an order of disposition of the Family Court, Kings County (Hepner, J.), dated September 10, 2012, which, after a hearing, and upon a finding that she committed the family offenses of aggravated harassment and harassment in the second degree, granted the father's petition, directed the mother to refrain from, inter alia, harassing or menacing the father, and dismissed her petitions.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Pearlman v Pearlman*, 78 AD3d 711, 712 [2010]).

Here, the father established, by a fair preponderance of the evidence, that the mother committed the family offenses of aggravated harassment and harassment in the second degree (*see Matter of Fiore v Fiore*, 34 AD3d 803 [2006]). The mother failed to establish, by a fair preponderance of the evidence, either that the father committed a family offense or that he violated a temporary order of protection dated September 7, 2010. The Family Court's determinations turned on its assessment of the parties' credibility, and, since its assessment is supported by the record, they will not be disturbed (*see Matter of Richardson v Richardson*, 80 AD3d 32, 43-44 [2010]).

Moreover, contrary to the mother's contention, under the circumstances of this case, the Family Court's failure to conduct a dispositional hearing does not warrant reversal (*see Matter of Hassett v Hassett*, 4 AD3d 527 [2004]; *Matter of Dabbene v Dabbene*, 297 AD2d 812 [2002]).

The mother's remaining contentions are either not properly before this Court or without merit. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.