================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 12
In the Matter of Veronica P.,
         Respondent,
       v.
Radcliff A.,
         Appellant.



        George E. Reed, Jr., for appellant.
        Eric Nelson, for respondent.








ABDUS-SALAAM, J.:

        We are confronted with the question of whether an
appeal from a contested order of protection issued by Family
Court, based upon a finding that the subject individual has
committed a family offense, is mooted solely by the expiration of
the order.  We hold that it is not.

- 1 -

In 2009, respondent Radcliff A. regularly stayed in an apartment with his aunt, petitioner Veronica P.  On September 22, 2009, petitioner filed a petition charging respondent with various family offenses under Family Court Act article 8, alleging that, on certain occasions during the previous month, respondent had assaulted and harassed her in the apartment. Petitioner sought an order adjudging respondent guilty of the charged offenses, as well as an order of protection against him pursuant to Family Court Act § 842.  Family Court immediately granted petitioner a temporary order of protection and thereafter held a hearing on the petition.  At the hearing, both sides called witnesses to testify to the relevant events, and respondent vigorously opposed the entry of an order of protection or any other adverse adjudication.

In an oral decision rendered on February 4, 2011, the court found that respondent was guilty of a family offense, concluding that he had committed acts constituting harassment in the second degree (see Penal Law § 240.26; see also Family Court Act § 812 [1]).  That same day, the court entered a written two-year order of protection against respondent.  The written order stated that a family offense petition had been filed in the case, listed the date of the petition and noted that the order was being issued after a hearing at which respondent had been present.  The order directed respondent to stay away from petitioner's home and to refrain from committing assault,

harassment, stalking and certain other offenses against her.

Respondent appealed, but while the appeal was pending, the order of protection expired.  The Appellate Division unanimously dismissed the appeal as moot, citing the expiration of the order (Matter of Veronica P. v Radcliff A., 110 AD3d 486, 486 [1st Dept 2013]).  We granted respondent leave to appeal, and we now reverse.

As we have often emphasized, "[i]n general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014]; Coleman v Daines, 19 NY3d 1087, 1090 [2012]).  The ability of an appellate decision to directly and immediately impact the parties' rights and interests is among the most important aspects of the mootness analysis, for otherwise the analysis might turn on inchoate or speculative matters, making mootness an unwieldy doctrine of a thousand "what ifs."  On the other hand, even where the resolution of an appeal may not immediately relieve a party from a currently ongoing court-ordered penalty or obligation to pay a judgment, the appeal is not moot if an appellate decision will eliminate readily ascertainable and legally significant enduring consequences that befall a party as a result of the order which the party seeks to

appeal (see Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995];
see also Rubenstein, 23 NY3d at 576).

          In this case, the expiration of the order of protection
does not moot the appeal because the order still imposes
significant enduring consequences upon respondent, who may
receive relief from those consequences upon a favorable appellate
decision.  Because the order of protection on its face strongly
suggests that respondent committed a family offense, the court in
a future criminal case or Family Court proceeding would likely
rely on the order to enhance a sentence or adverse civil
adjudication against respondent.  In that regard, although the
order does not declare respondent guilty of a family offense in
so many words, the order notes that it was issued after a hearing
in a family offense proceeding, and it expressly bars respondent
from victimizing petitioner by committing a variety of crimes
nearly identical to those charged in the family offense petition.
Thus, a court examining the order may readily discern that Family
Court found respondent guilty of committing a family offense
against petitioner and issued an order of protection to prevent
him from continuing to offend against her.  Armed with that
information, the court in a future case may increase the severity
of any applicable criminal sentence or civil judgment against
respondent.[1]  In the face of the substantial probability that the

_____

     [1] Indeed, that is highly likely to occur, as the Department
of Probation or prosecutors in a future proceeding will likely

order of protection will prompt severely deleterious future legal rulings against respondent, an appellate decision in his favor will directly vindicate his interest in avoiding that consequence of the order.

The order of protection has other potential legal consequences that render it susceptible to appellate review. For example, in a future legal matter, an opposing party might be permitted to use the order of protection to impeach respondent's credibility (see Bickwid, 87 NY2d at 863-864 [finding that the impeachment potential of the adjudication being appealed supported the conclusion that the appeal was not moot]). Furthermore, since the order of protection remains in a police computer database, albeit not in an active file (see Executive Law §§ 221-a [1]; 221-a [6]; see also 9 NYCRR 486.2 [g]), respondent may face additional law enforcement scrutiny and an increased likelihood of arrest in certain encounters with the police (see 9 NYCRR 486.3 [n] [declaring information obtained from the database to be relevant to the decision to arrest an individual]).[2]

_____

inform the court of the order and, quite possibly, the oral decision finding respondent guilty of a family offense (see Family Court Act §§ 252; 815; 835 [b]; CPL 390.30 [1]).

[2] Significantly, state regulations governing the computer database do not on their face prevent the police from taking action based on information contained in an inactive file, for the regulations permit or forbid the use of information in the database under certain circumstances without distinguishing between information in an active or inactive file (see generally

Beyond its legal consequences, the order of protection places a severe stigma on respondent, and he can escape that stigma by prevailing on appeal (see Rubenstein, 23 NY3d at 577-578). As discussed above, the order essentially labels respondent a family offender and at least implies that he has committed an assault or harassment offense against his aunt. It follows that, should the order come to the attention of respondent's business contacts, social acquaintances or other members of the public, those individuals would almost certainly view him as a domestic violence offender -- a decidedly pejorative label -- and cease their dealings with him. Perhaps most importantly, potential employers might ask respondent whether an order of protection has ever been entered against him, and he may be ethically or legally bound to answer in the affirmative, significantly curtailing his chances of getting a job.

In sum, given the totality of the enduring legal and reputational consequences of the contested order of protection, respondent's appeal from that order is not moot.[3] Furthermore,

_____

9 NYCRR 486.2 [g] [defining "computer information" that may be disseminated among the police via the database as, essentially, any data in the database, without distinguishing between active and inactive files]).

[3] Respondent urges us to hold that an appeal from any expired order of protection, other than one entered upon stipulation, is not moot. But we express no view on the correctness of that proposed holding because it is unnecessary to resolve the case at hand.

because our consideration of the merits would be inappropriate under the circumstances of this case, the matter should be remitted to the Appellate Division for consideration of the appeal (see Bickwid, 87 NY2d at 864).

Accordingly, the order of the Appellate Division should be reversed, without costs, and the matter remitted to that court for further proceedings in accordance with this opinion.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, without costs, and matter remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.  Opinion by Judge Abdus-Salaam.  Chief Judge Lippman and Judges Read, Pigott and Rivera concur.  Judges Stein and Fahey took no part.

Decided February 12, 2015