■ In the Matter of HUI C., Appellant, v JIAN XING Z., Respondent. [17 NYS3d 294]—

Order, Family Court, New York County (Marva A. Burnett, Ref.), entered on or about February 13, 2015, which, after a fact-finding hearing, dismissed the petition for an order of protection and vacated a temporary order of protection, unanimously affirmed, without costs.

Although the record does not reflect that petitioner gave written consent to have the Referee determine her petition, as required by CPLR 4317 (a), petitioner implicitly consented by actively participating in the proceedings before the Referee, including by testifying, submitting photo exhibits, and cross-examining respondent, without challenging the Referee's jurisdiction (*see e.g. Matter of Carlos G. [Bernadette M.]*, 96 AD3d 632, 633 [1st Dept 2012]).

The Referee properly determined that petitioner failed to prove by a fair preponderance of the evidence that respondent's alleged conduct established any alleged family offense (*see Matter of Iskritsa O. v Steven Michael U.*, 123 AD3d 444 [1st Dept 2014]; Family Ct Act § 832). There is no basis to disturb the Referee's decision not to credit petitioner's account of events (*id.* at 445). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.