■ In the Matter of JASWINDER KAUR SAINI, Respondent, v HARVINDER SINGH, Appellant. [42 NYS3d 237]—

Appeal by Harvinder Singh from an order of the Family Court, Queens County (Diane Costanzo, J.), dated February 9, 2016. The order, without a hearing, denied his motion pursuant to, inter alia, Family Court Act § 844 to modify, reconsider, and/or vacate an order of protection of that court (Ronald E. Richter, J.), dated October 17, 2014.

Ordered that the order dated February 9, 2016, is affirmed, with costs.

The appellant was charged with having committed family offenses against the petitioner, his wife. Criminal charges relating to those allegations were dismissed. However, after a hearing, the Family Court found that the appellant had committed the family offenses of attempted assault in the third degree (Penal Law §§ 110.00, 120.00), harassment in the second degree (Penal Law § 240.26 [3]), and menacing in the third degree (Penal Law § 120.15). An order of protection dated October 17, 2014, directed him to stay away from the petitioner until October 16, 2016.

While an appeal to this Court from the order of protection was pending, the appellant, by notice of motion dated August 18, 2015, moved in the Family Court to modify, reconsider, and/or vacate the order of protection, alleging ineffective assistance of counsel.

While that motion was pending, this Court affirmed the order of protection by decision and order dated October 7, 2015 (*see Matter of Saini v Singh*, 132 AD3d 686 [2015]). This Court held that the charges were established by a fair preponderance of

the evidence, and that it appeared from the record that the appellant was afforded meaningful representation of counsel.

By order dated February 9, 2016, the appellant's motion to modify, reconsider, and/or vacate the order of protection dated October 17, 2014, was denied by the Family Court, without a hearing, on the grounds that the motion was untimely made, that this Court ruled that his counsel was effective, and that the alleged newly discovered evidence could have been presented at the original hearing.

On his appeal from the order dated February 9, 2016, the appellant correctly notes that, although the underlying order of protection has expired, the appeal is not academic because the findings that the appellant committed family offenses may have enduring consequences (*see Matter of Veronica P. v Radcliff A.*, 24 NY3d 668 [2015]).

Family Court Act § 844 states that "[f]or good cause shown, the family court may after hearing reconsider and modify" an order of protection. The appellant argues that his counsel failed to call him as a witness at the original family offense proceeding, although he was ready and willing to testify. He further argues that he asked his counsel to call additional witnesses to testify at that proceeding, but his counsel failed to accede to that request. The appellant contends that the Family Court should have held a hearing on his motion pursuant to section 844, at which this testimony should have been taken.

Some of the additional witnesses' proposed testimony related to alleged statements by the petitioner prior to the commission of the family offenses. That testimony may have been relevant to the petitioner's credibility, but not the actual events. Therefore, their testimony may not be considered newly discovered evidence (*see Matter of Dendy v Bonelli*, 260 AD2d 633 [1999]). Further, it appears that much of their testimony dealt with collateral issues. Counsel's failure to call the appellant and those witnesses to testify was apparently a strategic decision.

The appellant's remaining is without merit.

In view of the foregoing, the appellant failed to establish good cause to set aside the order of protection dated October 17, 2014, or a sufficient basis for holding a hearing on that issue. Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.