Appeals by the father from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated August 25, 2015, and (2) an order of disposition of that court dated March 29, 2016. The order of fact-finding, upon the father’s consent without admission, found that he neglected the subject child. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, directed the father to comply with an order of protection of that court dated March 29, 2016, which directed him to stay away from the child except for agency supervised visitation until and including March 29, 2017. Separate motions by the petitioner and the attorney for the child, inter alia, to dismiss the appeals as academic. By decision and order on motion of this Court dated July 26, 2017, those branches of the separate motions which were to dismiss the appeals were held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the separate motions and the papers filed in opposition thereto, and upon the submission of the appeals, it is
 

 Ordered that those branches of the separate motions which were to dismiss the appeal from the order of disposition as academic are granted, and those branches of the separate motions which were to dismiss the appeal from the order of fact-finding are denied as academic in light of our determination herein dismissing that appeal on other grounds; and it is further,
 

 Ordered that the appeals are dismissed, without costs or disbursements.
 

 In this neglect proceeding, an order of fact-finding determining that the father neglected the subject child was entered upon the father’s consent without admission pursuant to Family Court Act § 1051 (a). Following a dispositional hearing, the Family Court released the child to her mother with the petitioner’s supervision. The father was directed to complete certain services and to comply with an order of protection, which directed him to stay away from the child except for agency supervised visitation until and including March 29, 2017. The father appeals from the order of fact-finding and the order of disposition, challenging only the propriety of directing him to comply with a full stay-away order of protection except for agency supervised visitation. On March 30, 2017, the petitioner and the attorney for the child separately moved, among other things, to dismiss the appeals as academic since the order of protection had expired by its own terms.
 

 The appeal from the order of fact-finding must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see CPLR 5511; Matter of Tyonna W. [Tywanna K.L.], 149 AD3d 969 [2017]; Matter of Sasha J.J. [Danielle L.], 144 AD3d 681 [2016]).
 

 “In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment” (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). However, “even where the resolution of an appeal may not immediately relieve a party from a currently ongoing court-ordered penalty or obligation to pay a judgment, the appeal is not moot if an appellate decision will eliminate readily ascertainable and legally significant enduring consequences that befall a party as a result of the order which the party seeks to appeal” (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]).
 

 An adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect a parent’s status in future proceedings (see Matter of Tarelle J. [Walter J.], 152 AD3d 593, 594 [2017]; Matter of Michael G. [Marie S.F.], 152 AD3d 590, 590 [2017]). Thus, an appeal from an order of protection that is predicated on a finding of neglect is generally not rendered academic due to the expiration of the order of protection by its own terms (see Matter of Veronica P. v Radcliff A., 24 NY3d at 671-672; Matter of Cody W. [Ronald L.], 148 AD3d 914, 915 [2017]; Matter of Mia G. [William B.], 146 AD3d 882, 882 [2017]; Matter of Laila S.W. [Loren S.], 144 AD3d 694, 694 [2016]). However, it is the finding of neglect underlying an order of protection that has enduring consequences (see Matter of Tarelle J. [Walter J.], 152 AD3d at 594; Matter of Saini v Singh, 144 AD3d 1043, 1044 [2016]; Matter of Niyazova v Shimunov, 134 AD3d 1122, 1122 [2015]). Accordingly, where, as here, the appellant consented to a finding of neglect without admission, and thus may not challenge the finding of neglect on appeal (see CPLR 5511), an appeal from an order of protection that has expired by its own terms will be academic. Thus, the father’s appeal from so much of the order of disposition as directed him to comply with the order of protection that expired by its own terms must be dismissed (cf. Matter of Veronica P. v Radcliff A., 24 NY3d at 673).
 

 Leventhal, J.P., Austin, Maltese and Iannacci, JJ., concur.