Matter of Hiliana R. v Cesar A.P.J. (2018 NY Slip Op 08439)





Matter of Hiliana R. v Cesar A.P.J.


2018 NY Slip Op 08439


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7845

[*1]In re Hiliana R., Petitioner-Respondent,
v
Cesar A.P.J., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
Law Office of Bruce A. Young, New York (Bruce A. Young of counsel), for respondent.
Karen P. Simmons, The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child.



Order, Family Court, Bronx County (Rosanna Mazzotta, Referee), entered on or about March 16, 2018, which, after a fact-finding hearing, granted the petition to modify a prior custody order to award petitioner sole legal and physical custody of the subject child, with respondent to have visitation, "as agreed and arranged by the parties" and facilitated by the paternal uncle, unanimously affirmed, without costs.
Although the father did not give written consent to have the referee determine the petition, as required by CPLR 4317(a), the father implicitly consented by actively participating in the proceedings before the referee, including by testifying and cross-examining the mother, without challenging the referee's jurisdiction (see Matter of Hui C. v Jian Xing Z., 132 AD3d 427 [1st Dept 2015]; Matter of Carlos G. [Bernadette M.], 96 AD3d 632, 633 [1st Dept 2012]).
There is a sound and substantial basis in the record for the referee's determination that a change of circumstances had occurred since the prior custody order was entered when the child was an infant, that joint custody was no longer feasible, and that awarding the mother sole legal and physical custody was in the child's best interests (see Matter of David H. v Khalima H., 111 AD3d 544 [1st Dept 2013], lv dismissed 22 NY3d 1149 [2014]; Sendor v Sendor, 93 AD3d 586 [1st Dept 2012]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK