Matter of Camille L. (Dawn F.) (2019 NY Slip Op 02275)





Matter of Camille L. (Dawn F.)


2019 NY Slip Op 02275


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8785

[*1]In re Camille L., A Child Under Eighteen Years of Age, etc.,
and
Dawn F., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Daniel R. Katz, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the child.



Appeal from a temporary order of protection, Family Court, Bronx County (Monica Shulman, J.), entered on or about December 20, 2017, which expired on April 27, 2018, and directed respondent mother Dawn F. to refrain from certain conduct against the subject child, unanimously dismissed, without costs, as moot.
The mother's appeal from the temporary order of protection is moot, since the order has expired by its own terms and was superseded by an order of fact-finding and disposition (see Matter of Zoey A. [Felicia A.], 139 AD3d 528 [1st Dept 2016]; Matter of Fawaz A. [Franklyn B.C.], 112 AD3d 550 [1st Dept 2013]). Contrary to the mother's argument, we find no exception to the mootness doctrine (see Matter of Veronica P. v Radcliff A139. 24 NY3d 668 [2015]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Were we to review the expired order, we would find that Family Court did not abuse its discretion by issuing a temporary order of protection, because there was good cause shown (see Family Ct Act § 1029[a]). ACS brought the petition, alleging that the mother neglected the child by failing to provide her with proper supervision and guardianship, as a result of her unattended mental illness. According to the petition, the mother refused to take her medication for schizophrenia, and she disrupted the child's life by repeatedly filing false claims that the child was being sexually abused.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK