Matter of Vanessa R. v Christopher A.E. (2019 NY Slip Op 04331)





Matter of Vanessa R. v Christopher A.E.


2019 NY Slip Op 04331


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9522

[*1]In re Vanessa R., Petitioner-Respondent,
v
Christopher A.E. (Anonymous), Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.



Order, Family Court, New York County (Gail A. Adams, Referee), entered on or about May 8, 2017, which, after a fact-finding hearing, found that respondent committed the family offenses of harassment in the second degree and assault in
the second degree, and issued a one-year order of protection against him, unanimously modified, on the law, to vacate the finding of assault in the second degree, and otherwise affirmed, without costs.
Although the order of protection has expired by its own terms, it still imposes enduring consequences, and therefore this appeal is not moot (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671-672 [2015]).
The finding that respondent committed acts in 2012 that constitute assault in the second degree is not supported by a fair preponderance of the evidence (see Family Court Act § 832). Petitioner testified that respondent, while "on top of [her] [in bed]" caused some bruising to her legs, which she treated at home with an ice pack. This evidence does not establish that respondent intended to cause her "serious physical injury" and caused her such injury (Penal Law §§ 120.05[1]; 10.00[10]).
Nor does it support a finding of assault in the third degree (Penal Law § 120.00[1]), as petitioner urges on appeal. Even assuming that the bruising on petitioner's legs would support a finding of physical injury (Penal Law § 10.00[9]), the evidence fails to establish respondent's intent to cause her such injury (see Matter of Buskey v Buskey, 133 AD3d 655, 656 [2d Dept 2015]). Petitioner testified that respondent said he was "play fighting" and that she accepted this explanation without giving it another thought. It would not be rational to infer from this evidence that respondent intended to cause physical injury to petitioner.
The finding that respondent committed the family offense of harassment in the second degree is supported by a fair preponderance of the evidence, which shows that respondent's conduct was intended to harass, annoy or alarm petitioner (Penal Law § 240.26). Petitioner testified that respondent made several threatening phone calls to her and followed her around the neighborhood, which alarmed petitioner and served no legitimate purpose (see e.g. Matter of Jacobs v Jacobs, 138 AD3d 742 [2d Dept 2016], lv denied 28 NY3d 901 [2016]). Petitioner and her then eight-year-old daughter also testified to an incident in which respondent forced the child to consume a pack of gum, which caused her to vomit, and then to eat her own vomit. Contrary to respondent's contentions, there is no basis for disturbing the Referee's credibility determinations (see Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012]).
The finding that respondent committed acts that constituted the family offense of harassment in the second degree warranted the issuance of the order of protection (see Matter of Doris M. v Yarenis P., 161 AD3d 502, 503 [1st Dept 2018]).
Respondent's contentions that the Referee abused her discretion by failing to appoint an attorney for petitioner's daughter and to conduct a more extensive allocution of the child are unpreserved for appellate review (see Dana-Sitzer v Sitzer, 48 AD3d 354 [1st Dept 2008]) and in [*2]any event without merit.
We reject respondent's argument that Family Court never obtained jurisdiction over this matter because no signed stipulation of consent to the order of reference appears in the record. Respondent implicitly consented by participating in the
proceedings without challenging the Referee's jurisdiction (see Matter of Hui C. v Jian Xing Z., 132 AD3d 427, 427 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK