The People of the State of New York, Respondent,
against
Carlean Francois, Appellant. 




Appellate Advocates (Anjali Biala of counsel), for appellant.
Kings County District Attorney, (Leonard Joblove, Morgan Dennehy and Eva Oginar of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Jane C. Tully, J.), rendered August 3, 2017. The judgment convicted defendant, after a nonjury trial, of attempted endangering the welfare of a child and harassment in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was convicted of attempted endangering the welfare of a child (Penal Law §§ 110.00, 260.10 [1]), with respect to her daughter, and harassment in the second degree (see Penal Law § 240.26 [1]), with respect to her estranged husband, as a result of an incident on May 19, 2016. A two-year order of protection was also issued in favor of defendant's child. On appeal, defendant challenges the legal sufficiency of the evidence, argues that the verdict was against the weight of the evidence, and contends that this court should vacate or reduce the duration of the order of protection.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to convict defendant of attempted endangering the welfare of a child (see Penal Law §§ 110.00, 260.10 [1]; People v Duarte, 63 Misc 3d 155[A], 2019 NY Slip Op 50812[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]) and harassment in the second degree (see Penal Law § 240.26 [1]; People v Rodriguez, 111 AD3d 856, 857-858 [2013]). Contrary to defendant's contention, intent to commit a crime [*2]may be inferred from the act itself, or, as here, from the defendant's conduct and the surrounding circumstances (see People v McGee, 204 AD2d 353 [1994]; People v Manzino, 16 Misc 3d 126[A], 2007 NY Slip Op 51215[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defendant's contentions that the order of protection should be vacated or reduced in duration because there was no necessity for an order of protection and the court failed to articulate its reasons for the order's issuance (see CPL 530.13 [4]) are not preserved for appellate review, as she failed to raise these specific grounds at sentencing or in a motion to vacate or modify the order (see CPL 470.05 [2]; People v Nieves, 2 NY3d 310, 316-317 [2004]; People v Swinton, 63 Misc 3d 156[A], 2019 NY Slip Op 50825[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Moreover, by its terms, the order of protection terminates imminently. Because any delay in addressing the propriety of the order of protection was engendered by defendant's own inaction, and we decline to reach these issues in the interest of justice (see People v Samuels, 61 Misc 3d 152[A], 2018 NY Slip Op 51786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., and SIEGAL, J., concur.
WESTON, J., concurs in part and dissents in part and votes to modify the judgment of conviction by vacating the order of protection issued on August 3, 2017 in the following memorandum:
While I concur with the majority that defendant's judgment of conviction was supported by legally sufficient evidence and was not against the weight of the evidence, I write separately only to address the trial court's error in not stating its reasons on the record for issuing the order of protection. Although the majority is correct in concluding that this issue was never raised below, it is, nevertheless, an important one worthy of review, especially where, as here, the issuance of an order protection can have potentially damaging consequences for a defendant, even well beyond the order's expiration (see Matter of Veronica P. v Radcliff A., 24 NY3d 668 [2015]).[FN1]


Criminal Procedure Law section 530.13 (4) provides that where, as here, "a temporary order of protection was issued, the court shall state on the record the reasons for issuing or not issuing an order of protection." It is undisputed that the court in this case did not state its reasons for issuing the order of protection at the time of sentencing. As a result, the order of protection should be vacated (see People v Moncrieft, 168 AD3d 982, 985-986 [2019]). Although the order of protection at issue here is set to expire shortly on August 2, 2019, I would still vacate the order, particularly in light of the facts of this case and the lasting consequences the order may have on this defendant (see Matter of Vanessa R. v Christopher A.E., 173 AD3d 412, 2019 NY Slip Op 04331 [1st Dept 2019]).

Defendant was convicted, after a bench trial, of attempted endangering the welfare of a child and harassment in the second degree, following an altercation with the complainant—her estranged husband—in the presence of their daughter. At trial, the daughter testified that during the altercation, both the complainant and defendant were holding her arms, but that defendant then grabbed her by the arm and pulled her by the hijab, causing her to fall and hit her head. At sentencing, defendant informed the court that she had voluntarily attended a parenting program, and maintained that she was a good mother, suggesting that the charges she faced were the unfortunate result of a bitter feud with her estranged husband. In imposing its sentence, the court noted that its order of protection was subject to existing Family Court orders, as well as any future Family Court orders regarding visitation and custody.

Although defendant has been convicted of attempted endangering the welfare of a child, the added imposition of an order of protection prohibiting her from contacting her own daughter can have negative repercussions that extend beyond defendant's personal reputation (see Matter of Veronica P. v Radcliff A., 24 NY3d at 671-672). For example, a court in a future criminal case or Family Court proceeding may rely on an erroneously issued order to enhance a sentence or an adverse civil adjudication to the detriment of defendant (id.). Aside from the order's legal impact is the enduring, emotional toll such an order can have on a family. The order of protection at issue here was a full order of protection barring this mother from any contact with her daughter over a two-year period. Depriving defendant of any interaction with her young daughter, whom she obviously loves, could irreparably damage defendant's relationship with her daughter long after the terms of the order have expired—a sentence far harsher than the conditional discharge that was imposed in this case. In these circumstances, it was particularly imperative for the court to state its reasons on the record for issuing the order of protection. Since the court failed to do so, the order of protection was invalid (see CPL 530.13 [4]; People v Moncrieft, 168 AD3d at 985-986). Given the potentially prejudicial effects of such an order—even independent of the conviction—I would vacate the order despite its impending expiration.

Accordingly, I would modify defendant's judgment of conviction by vacating the order of [*3]protection issued on August 3, 2017 and, as so modified, affirm.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: July 30, 2019



Footnotes

Footnote 1: Indeed, it is not unusual for appellate courts to invoke interest of justice jurisdiction to consider the merits of such claims (see, e.g, People v Ramos, 164 AD3d 922 [2018]; People v Manalang, 54 Misc 3d 138[A], 2017 NY Slip Op 50146[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).