Angotti v Petro Home Servs. (2022 NY Slip Op 05305)

Angotti v Petro Home Servs.

2022 NY Slip Op 05305

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2021-00551 
2021-02879
 (Index No. 703126/19)

[*1]Robin Angotti, respondent,
v
Petro Home Services, et al., appellants.

McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place, NY (Patrick M. Murphy and Maureen Quinn of counsel), for appellants.
Sunshine Isaacson & Hecht, LLP, Jericho, NY (Jeffrey A. Sunshine of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the defendants appeal from (1) an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered December 24, 2020, and (2) an order of the same court entered March 26, 2021. The order entered December 24, 2020, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint. The order entered March 26, 2021, denied the defendants' motion, inter alia, for leave to renew and/or reargue that branch of their prior motion which was pursuant to CPLR 3126 to dismiss the complaint.
ORDERED that the appeal from the order entered March 26, 2021, is dismissed; and it is further,
ORDERED that the order entered December 24, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from so much of the order entered March 26, 2021, as denied that branch of the defendants' motion which was for leave to reargue must be dismissed on the ground that no appeal lies from an order denying reargument. The appeal from the remaining portions of that order must be dismissed as abandoned, as the defendants' brief does not raise any arguments concerning the propriety of those portions of the order (see Matter of Watkiss v Watkiss, 151 AD3d 871).
In February 2019, the plaintiff commenced this action against the defendants to recover damages for injury to her property caused by an oil spill that occurred in October 2018. The oil tank from which the oil is alleged to have spilled remained on the plaintiff's property until June 17, 2019, at which time it was removed by nonparty Laurel Environmental Geosciences D.P.C. (hereinafter Laurel), so that it could be stored. Instead of storing the oil tank, Laurel mistakenly had it recycled. Apparently unaware that the oil tank had been destroyed, on June 20, 2020, the [*2]defendants served the plaintiff with a notice to inspect "all personal property alleged to have been damaged" by the oil spill. By order entered August 14, 2020, the Supreme Court, among other things, directed the plaintiff to comply with the defendants' discovery demand within 30 days. In addition, by stipulation of the parties dated September 9, 2020, the plaintiff agreed to provide the defendants with "the current location of the oil tank that is the subject of this lawsuit and any personal property alleged to have been damaged," as well as "time to inspect" the oil tank. Laurel informed the plaintiff on October 14, 2020, that the oil tank had been destroyed.
In an order entered December 24, 2020, the Supreme Court denied the defendants' motion, inter alia, pursuant to CPLR 3126 to dismiss the complaint for failure to comply with the defendants' discovery demands to inspect the oil tank and spoliation. Thereafter, in an order entered March 26, 2021, the court denied the defendants' motion, inter alia, for leave to renew and/or reargue that branch of their prior motion which was pursuant to CPLR 3126 to dismiss the complaint. The defendants appeal.
The Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint based upon the plaintiff's failure to comply with their discovery demands to inspect the oil tank. "If a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may . . . strik[e] out pleadings . . . or dismiss[ ] the action . . . or render[ ] a judgment by default against the disobedient party'" (Amos v Southampton Hosp., 198 AD3d 947, 948, quoting CPLR 3126[3]). "'While actions should be resolved on the merits when possible, a court may strike [a pleading] upon a clear showing that [a party's] failure to comply with a disclosure order was the result of willful and contumacious conduct'" (Amos v Southampton Hosp., 198 AD3d at 948, quoting Almonte v Pichardo, 105 AD3d 687, 688). Here, the defendants failed to make a clear showing that the plaintiff's failure to comply with their discovery demands to inspect the oil tank was the result of willful and contumacious conduct (see Amos v Southampton Hospital, 198 AD3d at 948).
The Supreme Court further providently exercised its discretion in denying that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint based upon the plaintiff's spoliation of evidence. "'Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126'" (Halcyon Constr. Corp. v Strong Steel Corp., 199 AD3d 898, 900, quoting N.H.R. v Deer Park Union Free Sch. Dist., 180 AD2d 823, 824; see Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1018, 1020; Neve v City of New York, 117 AD3d 1006, 1008). "'The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence'" (Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d at 1021, quoting Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 714 [internal quotation marks omitted]). Severe sanctions are appropriate where a party "destroys essential evidence such that its opponent is prejudicially bereft of appropriate means to [either present or] confront a claim with incisive evidence" (Awon v Harran Transp. Co., Inc., 69 AD3d 889, 890 [internal quotation marks omitted]; see Samaroo v Bogopa Serv. Corp., 106 AD3d at 714). "[T]he sanction of dismissal of a pleading may be imposed even absent willful and contumacious conduct if a party has been so prejudiced that dismissal is necessary as a matter of fundamental fairness" (Friel v Papa, 36 AD3d 754, 755; see Slezak v Nassau Country Club, 200 AD3d 734; Jennings v Orange Regional Med. Ctr., 102 AD3d 654, 655-656). "A less severe sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her defense or case" (Iannucci v Rose, 8 AD3d 437, 438).
Here, there is no evidence that the plaintiff disposed of the oil tank with a culpable state of mind, either negligently or intentionally. Moreover, the defendants failed to demonstrate that the destruction of the oil tank fatally compromised their ability to defend this action, inasmuch as the defendants will be able to defend the action with evidence that remains available, including the eyewitness account of an employee who visited the plaintiff's property in November 2018 and observed a hole in the oil tank which the employee then patched, and contemporaneous photographs taken by that employee of the oil tank (see Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, [*3]846; Awon v Harran Transp. Co., Inc., 69 AD3d at 890; cf. Horace Mann Ins. Co. v E.T. Appliances, Inc., 290 AD2d 418). However, notwithstanding the defendants' failure to demonstrate their entitlement to dismissal of the complaint, our determination is without prejudice to the defendants moving at trial for a charge to the jury that it may draw an adverse inference against the plaintiff from the failure to preserve the oil tank (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 554; Klein v Ford Motor Co., 303 AD2d 376; see also Giuliano v 666 Old Country Rd., LLC, 100 AD3d 960, 962). We express no opinion as to the merits of such a motion, should the defendants choose to make one.
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court