Matter of Levay v Gurrera (2025 NY Slip Op 01808)

Matter of Levay v Gurrera

2025 NY Slip Op 01808

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-05086
 (Docket No. O-15691-23)

[*1]In the Matter of Laura Levay, respondent,
v
Glenn Gurrera, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Helma J. Hermans, Islip, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Glenn Gurrera appeals from an order of the Family Court, Suffolk County (James W. Malone, J.), dated May 15, 2024. The order found that Glenn Gurrera committed a family offense and, in effect, directed him to comply with the terms of an order of protection of the same court (Andrea A. Amoa, Ct. Atty. Ref.) dated October 16, 2023, until and including October 16, 2024.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding against her ex-fiancé, the appellant, with whom she shared a house. After a hearing, during which the petitioner testified, the Family Court found that a fair preponderance of the evidence established that the appellant committed a family offense.
Although the order of protection has expired by its own terms, the appeal from the order has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; Matter of Wiley v Wiley, 231 AD3d 841, 841).
The Family Court's failure to specify the particular family offense under Family Court Act § 812(1) committed by the appellant does not necessitate remittal because the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Martinez v Aguilar, 180 AD3d 915, 915; Matter of Rousseau v Palazzo, 124 AD3d 901, 901). Likewise, although the Family Court failed to state on the record the facts deemed essential to its determination, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Omelime v Odudukudu, 221 AD3d 1012, 1013; Matter of Deepti v Kaushik, 126 AD3d 790, 790).
The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Mitchell-George v George, 234 AD3d 969, 969; Matter of Saquipay v Puzhi, 160 AD3d 879, 879). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not [*2]be disturbed if supported by the record" (Matter of Mitchell-George v George, 234 AD3d at 969 [internal quotation marks omitted]; see Matter of Richardson v Richardson, 80 AD3d 32, 43-44).
Here, a fair preponderance of the evidence adduced at the hearing supports a finding that the appellant committed the family offenses of harassment in the second degree (Penal Law § 240.26[3]) and menacing in the second degree (Penal Law § 120.14[2]), warranting the issuance of an order of protection (see Family Ct Act § 842[a]).
Under the circumstances, the Family Court's failure to conduct a dispositional hearing does not warrant reversal (see Matter of Miloslau v Miloslau, 112 AD3d 632, 632; Matter of Saleem v Chaudhry, 110 AD3d 817, 818).
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court