Matter of Orangetown Police Dept. v Cashell (2025 NY Slip Op 03194)

Matter of Orangetown Police Dept. v Cashell

2025 NY Slip Op 03194

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-04046
2023-04047
 (Index No. 681/22)

[*1]In the Matter of Orangetown Police Department, etc., respondent, 
v
John Cashell, appellant.

The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for appellant.
Robert V. Magrino, Town Attorney, Orangeburg, NY (Stefanie A. Schera of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 63-A for an extreme risk protection order, John Cashell appeals from (1) an extreme risk protection order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated September 16, 2022, and (2) an order of the same court (Christie L. D'Alessio, J.) dated February 21, 2023. The extreme risk protection order, upon a finding, made after a hearing, that John Cashell was likely to engage in conduct that would result in serious harm to himself or others, as defined in Mental Hygiene Law § 9.39(a), inter alia, directed that he was prohibited from purchasing or possessing a firearm, rifle, or shotgun until September 11, 2023. The order denied the motion of John Cashell, in effect, for leave to renew and reargue his opposition to the petition.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the extreme risk protection order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
After responding to a domestic disturbance call at the home of John Cashell (hereinafter the appellant) and his wife, Jessica Cashell (hereinafter together the Cashells), the petitioner, Orangetown Police Department, filed a petition pursuant to CPLR article 63-A for an extreme risk protection order (hereinafter ERPO) against the appellant. After a hearing, the Supreme Court granted the petition and issued an ERPO, inter alia, directing that the appellant was prohibited from purchasing or possessing a firearm, rifle, or shotgun until September 11, 2023. Thereafter, the appellant moved, in effect, for leave to renew and reargue his opposition to the petition. In an order dated February 21, 2023, the court denied the motion. These appeals from the ERPO and the order ensued.
The appeal from so much of the order as denied that branch of the appellant's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Angotti v Petro Home Servs., 208 AD3d 1294, 1294). The appeal from the [*2]remaining portion of the order must be dismissed as abandoned, as the appellant's brief does not raise any arguments concerning the propriety of that portion of the order (see id.). Moreover, the appellant failed to satisfy his obligation to assemble a proper record on the appeal from the order, as he failed to include copies of the relevant motion papers in the record on appeal (see Neunteufel v Nelnet Loan Servs., Inc., 104 AD3d 657, 657).
As an initial matter with respect to the appeal from the ERPO, the ERPO expired by its terms on September 11, 2023, raising the question of whether the appeal from the ERPO has been rendered academic (see generally Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810). We answer that question in the negative. In general, "an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090; see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671). However, "even where the resolution of an appeal may not immediately relieve a party from a currently ongoing court-ordered penalty or obligation . . . , the appeal is not moot if an appellate decision will eliminate readily ascertainable and legally significant enduring consequences that befall a party as a result of the order which the party seeks to appeal" (Matter of Veronica P. v Radcliff A., 24 NY3d at 671).
In Matter of Veronica P. v Radcliff A., the Court of Appeals concluded that such "readily ascertainable and legally significant enduring consequences" existed even after expiration of an order of protection issued pursuant to Family Court Act § 842, such that appeals from those orders were not rendered academic by the expiration of the order of protection (Matter of Veronica P. v Radcliff A., 24 NY3d at 671). The same reasoning employed by the Court of Appeals in that case applies to this appeal from an ERPO issued pursuant to CPLR 6343. The ERPO in this case reflects on its face the finding, by clear and convincing evidence, that the appellant was likely to engage in conduct that would result in serious harm to himself or others. While an ERPO is sealed upon its expiration, its potential legal consequences endure, as the ERPO nonetheless remains accessible to New York courts, New York police forces and departments, agencies responsible for issuing gun licenses, and any prospective employer of a police officer or peace officer, with respect to an application for such employment (see id. § 6346[1][a]-[e]; Matter of Veronica P. v Radcliff A., 24 NY3d at 671-672). Beyond legal consequences, an ERPO could additionally pose reputational consequences similar to those identified by the Court of Appeals in Matter of Veronica P. v Radcliffe A. (see Matter of Veronica P. v Radcliff A., 24 NY3d at 672-673). Accordingly, despite the expiration of the ERPO, we conclude that the appeal from the ERPO is not academic and consider its merits.
At a hearing to determine whether to issue a final ERPO, the petitioner has the burden of proving, by clear and convincing evidence, "that the respondent is likely to engage in conduct that would result in serious harm to himself, herself or others, as defined in [Mental Hygiene Law § 9.39(a)(1) or (2)]" (CPLR 6343[2]). As relevant in this case, in which there was no allegation or evidence of potential self harm, "[l]ikelihood to result in serious harm" means "a substantial risk of physical harm to other persons as manifested by homicidal or other violent behavior by which others are placed in reasonable fear of serious physical harm" (Mental Hygiene Law § 9.39[a][2]).
In reaching its determination as to whether the petitioner has met its burden, the court must consider the nonexhaustive factors set forth in CPLR 6342(2) (see id. § 6343[2]), including, among other things, any "threat or act of violence or use of physical force directed toward self, the petitioner, or another person," and "evidence of recent or ongoing abuse of controlled substances or alcohol" (id. § 6342[2][a], [f]). Furthermore, after the hearing, the court is required to issue "a written order granting or denying the extreme risk protection order and setting forth the reasons for such determination" (id. § 6343[3][a]).
Here, the Supreme Court merely restated the standard for issuing an ERPO, failing to set forth the reasons for its determination to issue the ERPO. Nevertheless, the record is sufficient to enable us to intelligently review the ERPO (see People v Krivak, 186 AD3d 1712, 1715).
The petitioner presented evidence that the police were called to the Cashells' home by Jessica after the appellant struck her and threatened that if he chose to, he would hit her so as to [*3]render her unconscious and kill her. The responding police officer testified that both Jessica's words and manner evinced her significant fear of the appellant. The petitioner additionally offered evidence supporting an inference that the appellant abused certain prescription medications and used such substances together with marijuana and alcohol. Moreover, the petitioner demonstrated that the day after the domestic disturbance call, the appellant was arrested and charged with illegally possessing, among other things, five or more firearms and an ammunition feeding device (see Penal Law §§ 265.03[2]; 265.02[8]), and that he had active orders of protection against him.
In sum, the petitioner presented clear and convincing evidence demonstrating that the appellant was likely to engage in conduct that would result in serious harm to others, as defined in Mental Hygiene Law § 9.39(a)(2) (see CPLR 6343[2]). Accordingly, we affirm the ERPO.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court